UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UPSTATE HOLDINGS, LLC,

    Plaintiff,

v.

                                      CASE NO. 8:26-cv-00043-SDM-CPT

DAVID HEIL et al,

    Defendants

_____/

### **ORDER**

In a seven-count, one-hundred twenty-two-page complaint, Upstate Holdings, LLC, sues (Doc. 30) twenty-one named defendants and an indefinite number of "unknown individuals" and "unknown entities." The defendants move to dismiss, and the plaintiff responds in opposition.

Each count in the amended complaint "realleges and incorporates by reference all preceding paragraphs as if fully set forth herein"; four counts additionally incorporate a twenty-one-page appendix purporting to detail the "predicate acts of [each] defendant"; and six of the seven counts are asserted "Against All Defendants."

Rule 8(a)(2), Federal Rules of Civil Procedure, requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." "Complaints that violate . . . Rule 8(a)(2) . . . are often

disparagingly referred to as 'shotgun pleadings. . . . The most common type —
by a long shot — is a complaint containing multiple counts where each count
adopts the allegations of all preceding counts, causing each successive count to
carry all that came before and the last count to be a combination of the entire
complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320–21
(11th Cir. 2015).

In addition to readily qualifying as a "shotgun pleading," and in viola-
tion of the rule that "[e]ach averment of a pleading shall be simple, concise,
and direct," the complaint is unmanageable, duplicative, and oppressive to the
defendants and to the court. Fed. R. Civ. P. 8(e)(1). Even under the most gen-
erous and lenient application of Rule 8, the complaint is decidedly improper
and impermissible. A complaint is an improper and impermissible place for
the tedious and burdensome aggregation of prospective evidence and for the
rehearsal factual and legal arguments.

A complaint is a mechanism to fairly, precisely, directly, soberly, and
economically inform the defendants — in a professionally constrained manner
consistent with the dignity of the adversarial process in an Article III court of
the United States — of the nature and content of the claims. A complaint is a
short, plaint, direct statement of allegations of fact sufficient to create a facially
plausible claim for relief and sufficient to permit the formulation of an in-
formed response. Although lawyers receive a modicum of expressive latitude

in pleading the claim of a client, the complaint in this action extends far beyond the outer bounds of that latitude.

For these reasons, and others stated in the motion to dismiss, the motion to dismiss is **GRANTED** and the amended complaint is **DISMISSED WITHOUT PREJUDICE**. No later than **MAY 29, 2026**, and in a paper no longer than 50 pages, exclusive of any exhibit or signature page but inclusive any allegation of a predicate act (which must appear in the complaint's allegations and not in a separate paper, including an appendix or other attachment to the complaint), the plaintiff must amend the complaint. To the extent he wishes to bring a derivative action, the plaintiff must adhere to Rule 23.1, Federal Rules of Civil Procedure. Each count must assert a single, cognizable claim for relief.[1] Failure to comply with this order might result in a sanction.

**ORDERED** in Tampa, Florida, on May 8, 2026.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] For example, Count V of the amended complaint combines claims for "Fraud, Deception, and Interference with Business Relations." The reference to "deception" is, at best, a misphrasing of a fraud claim and, at worst, not a cognizable claim at all.

- 3 -